**NOT FOR PUBLICATION**                                  [Docket No. 4]

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

```
CANON FINANCIAL SERVICES,    :
INC.                         :
                             :Civil Action No. 10-4117 (RMB/KMW)
          Plaintiff,         :
                             :
          v.                 :    OPINION
                             :
JL BARRETT CORPORATION, et al,:
                             :
          Defendants.        :
```

APPEARANCES

Howard Nat Sobel, Esquire
507 Kresson Road
P.O. Box 1525
Voorhees, New Jersey 08043
856-424-6400
     Plaintiff's Counsel

Jeremy I. Silberman, Esquire
Norris, Mclaughlin & Marcus, PA
721 Route 202-206
P.O. Box 5933
Bridgewater, New Jersey 08807-5933
(908) 722-0700
     Defendants' counsel

**BUMB, United States District Judge:**

   This matter comes before the Court upon the motion of Defendants JL Barrett Corporation ("JL Barrett") and Louis Barrett (collectively "the Defendants") to change venue or alternatively, to dismiss for improper venue.  For the reasons

set forth below, the Court grants this motion and transfers this matter to the United States District Court for the District of Utah.

**Statement of Facts**

On or about December 30, 2008, Plaintiff Canon Financial Services, Inc. ("Plaintiff" or "Canon Financial") entered into an equipment lease with JL Barrett for the acquisition of a Canon CV6000 ImagePress with accessories.  Defendant Louis Barrett, JL Barrett's Treasurer, executed a personal guaranty on the lease agreement.  In early 2009, Defendants began to fall behind in their lease payments.  On May 27, 2010, Plaintiff filed the within Complaint, alleging that Defendants owe Plaintiff the amount of $361,631.32.  Defendants thereafter removed the Complaint to this Court.

Defendants now argue that this case should be transferred to the District of Utah because the majority of the facts giving rise to the Complaint occurred in Utah.[1]  They generally assert that the equipment in question, the many relevant documents, and witnesses are located in Utah.

Canon Financial opposes the motion, arguing that there is a mandatory forum selection clause in the lease and guaranty

---

[1]  Defendants also argue that this case should be transferred because another, almost identical, case was pending in the District of Utah.  While this motion was pending, Canon Financial was dismissed without prejudice.

requiring their dispute to be litigated in New Jersey. Specifically, these pertinent documents provide:

> **30. GOVERNING LAW; VENUE; WAIVER OF JURY TRIAL:** THIS AGREEMENT HAS BEEN EXECUTED BY CFS IN, AND SHALL FOR ALL PURPOSES BE DEEMED A CONTRACT ENTERED INTO IN, THE STATE OF NEW JERSEY, THE RIGHTS OF THE PARTIES UNDER THIS AGREEMENT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF NEW JERSEY WITHOUT REFERENCE TO CONFLICT OF LAW PRINCIPLES.  ANY ACTION <u>BETWEEN CUSTOMER AND CFS SHALL BE BROUGHT IN ANY STATE OR FEDERAL COURT LOCATED IN THE COUNTY OF CAMDEN OR BURLINGTON, NEW JERSEY, OR AT CFS' SOLE OPTION, IN THE STATE WHERE THE CUSTOMER OR THE EQUIPMENT IS LOCATED</u>.  CUSTOMER, BY ITS EXECUTION AND DELIVERY HEREOF, IRREVOCABLY WAIVES OBJECTIONS TO THE JURISDICTION OF SUCH COURTS AND OBJECTIONS TO VENUE AND CONVENIENCE OF FORUM.  CUSTOMER, BY ITS EXECUTION AND DELIVERY HEREOF, AND CFS, BY ITS ACCEPTANCE HEREOF, HEREBY WAIVES ANY RIGHT TO A JURY TRIAL IN ANY SUCH PROCEEDINGS.

(Pl.'s Ex. D(A)(emphasis added).)

Further, the guaranty provides that "ANY ACTION BETWEEN THE GUARANTORS AND CFS SHALL BE BROUGHT IN ANY STATE OR FEDERAL COURT LOCATED IN THE COUNTY OF CAMDEN OR BURLINGTON, NEW JERSEY. . . ." (<u>See</u> <u>id</u>.) These documents demonstrate, Canon Financial argues, that Defendants waived objections to the New Jersey venue.  Plaintiff further argues that in addition to its choice of forum, several of the operative facts, such as the approval and signing of the documents, occurred in New Jersey.

## LEGAL ANALYSIS

As a preliminary matter, it bears noting that Defendants do not appear to contest the validity of the forum selection clause.

Rather, they argue that even if the clause is mandatory,[2] the requisite public and private factors weigh in favor of a transfer.  The parties dispute these factors.

Section 1404(a) of Title 28 of the United States Code provides that an action may be transferred "for the convenience of the parties and witnesses, in the interest of justice [to] . . . any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).  In deciding a transfer motion, the Court must first determine whether the proposed alternate venue is one in which the case "might have been brought."  28 U.S.C. § 1404(a).  The parties do not dispute that this action could have been filed in the District of Utah.

Next, the Court must consider whether the forum selection clause, even if mandatory, should yield to the public and private factors relevant to a section 1404(a) transfer inquiry.  The decision to transfer under § 1404(a) is entirely within the discretion of the district court and involves an individualized, fact intensive consideration of all the relevant factors. Stewart

---

[2] Canon Financial argues that the forum selection clause is mandatory and therefore the cases cited by Defendants to support a transfer notwithstanding a forum selection clause are inapposite.  The Court disagrees.  First, it is not at all clear that the forum selection clause is mandatory.  The lease permits Canon Financial to bring suit "in its sole option, in the state where the customer or equipment is located."  Even if it were mandatory, however, the clause does not preempt the statutory requirement that the Court weigh the private and public interest factors in weighing a transfer motion.  See infra.

Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). "A determination that transfer to another jurisdiction is appropriate represents an 'exercise[ ] of structured discretion by trial judges appraising the practical inconveniences posed to the litigants and the court should a particular action be litigated in one forum rather than another.'" Lawrence v. Xerox Corp., 56 F. Supp.2d 442, 450 (D.N.J. 1999). The district court "is vested with a large discretion" to determine when transfer should be ordered "for the convenience of parties and witnesses, in the interest of justice." Solomon v. Continental Amer. Life. Ins., 472 F.2d 1043, 1045 (3d Cir. 1973).

Courts have identified factors falling into two categories, private interests and public interests, when deciding a transfer motion. The private interests include: (1) the plaintiff's forum preference; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent they may be unavailable for trial in one of the fora; and (6) the location of books and records. Danka Funding, LLC v. Page, Scranton, Sprouse, Tucker & Ford, P.C., 21 F.Supp. 2d 465, 474 (3d Cir. 1995). The public interests include: (1) the enforceability of the judgment; (2) practical considerations in making the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the

two fora resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id.

**A.  Private Interests**

Here, the private interests weigh in favor of transferring the case to the District of Utah. Plaintiff's claims relate almost exclusively to the acts and omissions of the Defendants in Utah. The equipment is located in Utah and most of the witnesses, particularly, the non-party witnesses, are in Utah. Defendants contend that the equipment did not function properly, causing significant financial harm and/or loss of customer goodwill. In support of their claim, Defendants have submitted sworn declarations of customers who suffered losses as a result of the equipment malfunction. These witnesses are all located in Utah. Just as significant is the fact that all the witnesses who solicited and negotiated the lease and its terms are in Utah. The same is true for the witnesses familiar with the installation of and service issues related to the equipment. Although a few of Canon Financial's witnesses are in New Jersey, it is not at all clear that these witnesses (who appear to be Plaintiff's employees) could refuse to travel to Utah. Moreover, putting aside the questionable necessity of four witnesses to testify to the Plaintiff's collection efforts (four of Canon's witnesses are

6

from the Collection Department, and one, Raymond Martin, states it will be "difficult" to leave, but not impossible), the "vast majority" of these witnesses are employees of Canon Business Solutions, a defendant in a related case pending in the District of Utah. See infra.[3] In all, the analysis of witness convenience tips in favor of transfer. In addition, much of the relevant documents and the equipment itself are located in Utah, another factor weighing in favor of transfer.

As for the forum selection clause, it is true that a Plaintiff's choice of forum deserves great deference. Stewart Organization, Inc. V. Ricoh Corp., 487 U.S. 22, 30 (1988). ("The presence of a forum selection clause . . . will be a significant factor that figures centrally in the district court's calculus.") Nevertheless, section 1404(a) "directs a district court to take account of factors other than those that bear solely on the parties' private ordering of their affairs." Stewart, 487 U.S. at 30. In other words, the parties' agreement as to the most proper forum does not receive dispositive consideration. Id. at 31. Here, although the parties agreed that New Jersey was the proper forum, it is noteworthy that the parties also agreed that

---

[3] Plaintiff has also submitted the sworn statement of Melissa Darcy, who countersigned the lease. Ms. Darcy avers that she would be unable to travel to Utah due to familial obligations and work constraints. Plaintiff readily acknowledges, however, that "depositions and possibly even trial testimony can be conducted by video." Pl.'s Opp. Br. At 18.

Utah was a proper forum: Canon Financial had the discretion to bring any action where the guarantor or equipment was located – in this case, Utah.  Under these circumstances, Canon Financial's choice of the New Jersey venue deserves less deference.

**B.   Public Interests**

The public interests also weigh in favor of transferring this case to the District of Utah.  It is clear to this Court that litigation of this case will likely be less expensive and more efficient for the case to proceed in the District of Utah where, as stated above, most of the witnesses, books and records are located.

Moreover, Defendants have filed a lawsuit against Canon Business Solutions, Inc. in the District of Utah, and that matter is currently pending.[4]  Defendants allege that Canon Financial and Canon Business Solutions, Inc. are inter-related or one and the same company.  According to Louis Barrett's sworn declaration, the "Canon personnel . . . represented both Canon Business Solutions and Canon Financial Services, or at a minimum held themselves out as having authority for both entities."  L. Barrett Decl. at ¶ 35.  Plaintiff has not debunked this

---

[4] Defendants had also named Canon Financial as a co-defendant.  On October 21, 2010, the Honorable Ted Stewart, United States District Judge, granted Canon Financial's motion to dismiss for improper venue.

allegation.[5]

Courts in this Circuit have frequently held that the pendency of a related or similar case in another forum is a powerful reason to grant a motion for a change of venue. See CIBC World Markets, Inc. v. Deutsche Bank Securities, Inc., 309 F. Supp. 2d 637, 651 (D.N.J. 2004) (transferring case to Minnesota court where several similar cases had been brought by other securities broker-dealers who had allegedly been defrauded by the same scheme and same defendants) (citing Lawrence v. Xerox Corp., 56 F. Supp. 2d 442, 453-55 (D.N.J. 1999); Ricoh Co. v. Honeywell, Inc., 817 F. Supp. 473, 487 (D.N.J. 1993); A.T.& T. v. MCI, 736 F. Supp. 1294, 1307-1308 (D.N.J. 1990); Todd Shipyards Corp. v. Cunard Line Ltd., 708 F. Supp. 1440 (D.N.J., 1989)); Supco Automotive Parts, Inc. v. Triangle Auto Spring Co., 538 F. Supp. 1187, 1192 (E.D. Pa., 1982) ("It is well-settled in this district that the pendency of a related case in the proposed transferee forum is a powerful reason to grant a motion for a change of venue."). Transferring a case when related lawsuits are pending elsewhere, "serves not only private interests but

---

[5] Plaintiff asserts that the two claims are not alike, i.e., Canon Business Solutions, Inc. is the supplier of the equipment which provides the maintenance and warranties, and Canon Financial Services, Inc. is the financing entity which is owed the money due in the lease irrespective of any alleged equipment failures.  This argument does not address the agency relationship between the two entities, as alleged by the Defendants.

also the interests of justice because it eliminates the possibility of inconsistent results and conserves judicial resources." CIBC World Markets, 309 F. Supp. 2d at 651 (citing Crackau v. Lucent Techn., No. 03-cv-1376, 2003 WL 22927231, at *7 (D.N.J. Nov. 24, 2003); Lawrence, 56 F. Supp. 2d at 454); Prudential Ins. Co. of Am. v. Rodano, 493 F. Supp. 954 (E.D. Pa. 1980) ("The interests of justice and the convenience of the parties and witnesses are ill served when federal cases arising out of the same circumstances and dealing with the same issues are allowed to proceed separately."). Specifically, such a transfer allows for pretrial discovery to be conducted more efficiently, saves witnesses' time and money, both with respect to pretrial and trial proceedings, avoids duplicative litigation, thereby eliminating unnecessary expense to the parties, and at the same time serves the public interest and avoids inconsistent results. Supco Automotive Parts, 538 F. Supp. at 1192. For the reasons set forth above, the pendency of the related case in Utah warrants a transfer to that forum.

**Conclusion**

Accordingly, for the foregoing reasons, this Court concludes that Defendants have proven that they should not be bound to the contractual choice of forum, as dictated by Plaintiff. Consideration of the private and public interests weigh in favor of transferring this action to the District Court for the

10

District of Utah (for possible consolidation with the pending action, Civil No. 10-cv-87 TS).  Defendants' motion to transfer is GRANTED.  Defendants' motion to dismiss is DENIED as moot.  An accompanying Order will issue this date.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: November 16, 2010